STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Dana M. Keene, CA Bar # 324993
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dkeene@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matthew M. Mahoney, Bar #211184
401 B Street, Ste. 1900
San Diego, CA 92101
(619) 407-0505
mahoney@wmalawfirm.com

*Attorneys for Defendant CoreCivic*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNUS ISKANDER,<br><br>         Plaintiff,<br><br>v.<br><br>CORECIVIC and DOES 1-20, inclusive,<br><br>         Defendants. | NO. '24CV1572 GPC VET<br><br>**CORECIVIC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446(c)(1), and 1446(c)(3)(B), Defendant CoreCivic ("CoreCivic") removes the above-captioned case from the Superior Court of California, County of San Diego, filed under Case No. 37-2023-00032732-CU-NP-CTL, to the United States District Court for the Southern District of California. Removal is proper for the following reasons:

1.     On July 31, 2023, Plaintiff, through his attorney Gary Saunders, filed a Complaint in the Superior Court of California, County of San Diego, captioned *Johannus Iskander v. Otay Mesa Detention Center, et. al.,* Case No. 37-2023-00032732-CU-NP-CTL, against CoreCivic, Otay Mesa Detention Center ("OMDC"), OMDC Senior Warden C. LaRose, and Does 1-20. The Complaint alleged negligence, intentional infliction of emotional distress ("IIED"), and

1  negligent infliction of emotional distress ("NIED") claims stemming from an inmate-on-inmate assault involving Plaintiff that allegedly occurred at OMDC while Plaintiff was detained there by the U.S. Marshals Service ("USMS"). A copy of the original Complaint is attached as **Exhibit 1 ("Ex. 1").**

2. CoreCivic received formal notice of the original Complaint when it was served on August 10, 2023.

3. On September 8, 2023, after multiple meet and confer discussions between counsel, Plaintiff filed a First Amended Complaint ("FAC"), which removed the IIED and NIED claims and OMDC and Warden LaRose as defendants. Plaintiff's FAC alleges a single claim for negligence against CoreCivic and Does 1-20 related to the same alleged inmate-on-inmate assault at OMDC as detailed in the original Complaint. A copy of the FAC filed on September 8, 2023, is attached as **Exhibit 2 ("Ex. 2").**

4. True and correct copies of available pleadings currently on file with the Superior Court of California, County of San Diego, as well as the current docket, are attached as **Exhibit 3 ("Ex. 3").**

5. CoreCivic, Inc. is a Maryland corporation with a principal place of business in Brentwood, Tennessee. (Ex. 3, Defendant CoreCivic's Answer to Plaintiff's First Amended Complaint, at 110, ¶ 6.)[1]

6. Plaintiff is a resident of California. (Ex. 2 at 7, ¶ 1.)

7. The amount in controversy exceeds $75,000. (Ex. 3, Plf's Statement of Damages, at 20-21.)

8. Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] All citations to Exhibit 3 contain reference to the page number of the combined PDF document.

Notice of Removal                                   2                              Case No. _____

1       9.    CoreCivic is the only served defendant in this action, and no other parties are required to consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). The doe defendants have not been served or identified.

      10.    CoreCivic is removing this action outside the one-year timeframe provided in 28 U.S.C. § 1446(c)(1). *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). For the reasons that follow, Plaintiff and/or his attorney acted in bad faith to prevent removal, and removal is proper pursuant to 28 U.S.C. §§ 1446(c)(1) and 1446(c)(3)(B).

      11.    Plaintiff's FAC requests general, special, and "statutory" damages, as well as costs, reasonable attorneys' fees, pre- and post-judgment interest, and "any and all other relief the Court deems just and proper." (Ex. 2 at 10, Prayer for Relief.) The FAC does not include the amount demanded. (*See id.*)

      12.    On numerous occasions, and because an amount in controversy was not provided, CoreCivic requested that Plaintiff provide a settlement demand or case value so that it could adequately prepare its defense, assess its prospective settlement position, and determine whether removal to federal court was appropriate pursuant to 28 U.S.C. § 1332. (Ex. 3, CoreCivic's Motion for Sanctions ("Motion for Sanctions"), Ex. A at 42, ¶ 21; *see also* Ex. 3, Motion for Court Order Directing Plaintiff to Serve Statement of Damages Pursuant to Code Civ. P. § 425.11 ("Motion for Court Order"), Ex. 1 at 84-85, ¶¶ 4–5.) Plaintiff has never provided a settlement demand to date. (*Id.*)

      13.    On October 31, 2023, counsel for CoreCivic sent written correspondence to Mr. Saunders requesting that Plaintiff serve a statement of damages setting forth the nature and amount of damages being sought in this action pursuant to Cal. Code Civ. P. § 425.11(b) and § 425.115(e). (Ex. 3, Motion for Court

1  Order, Ex. 1 at 85, ¶ 6.)  Counsel for CoreCivic provided Mr. Saunders with Form
2  CIV-050 and requested that he complete the form and return it within 15 days of
3  receipt.  (*Id.* at 85, ¶ 7.)

4      14.    After receiving no response, on January 18, 2024, counsel for CoreCivic
5  sent another email to Mr. Saunders requesting Plaintiff's statement of damages.  Mr.
6  Saunders did not respond.  (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 8.)

7      15.    On January 31, 2024, Mr. Saunders filed a Notice of Motion and Motion
8  to be Relieved as Counsel, which was set to be heard in Superior Court on August 9,
9  2024.  (*See* Gary Saunders Notice of Motion and Motion to be Relieved as Counsel
10 at 101-108; *see also* Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 9.)

11     16.    On February 20, 2024, counsel for CoreCivic sent email correspondence
12 to Mr. Saunders providing CoreCivic's position that his pending Motion to be
13 Relieved as Counsel did not invalidate Plaintiff's obligation to provide a statement
14 of damages.  Counsel for CoreCivic again requested that Mr. Saunders provide a
15 statement of damages, and that failure to do so would result in CoreCivic moving for
16 an order directing Plaintiff to serve a statement of damages pursuant to Cal. Code
17 Civ. P. § 425.11. (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 11.)

18     17.    A paralegal for Mr. Saunders responded, indicating that her firm would
19 provide the statement of damages on that date.  (Ex. 3, Motion for Court Order, Ex.
20 1 at 86, ¶ 12.)

21     18.    After a statement of damages had still not been served, counsel for
22 CoreCivic followed up on February 22, 2024, and asked whether Plaintiff intended
23 to provide it.  (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 13.)

24     19.    The paralegal stated that she would follow up with the firm's law clerk.
25 (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 14.)

26     20.    The law clerk sent counsel for CoreCivic an email late that evening,
27 stating that he was "reviewing a previous employee's work on the matter" and to
28 please allow him until the end of the day on February 23, 2024, to complete the

1 statement of damages and submit it.  (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 16.)

21. After not receiving anything from the law clerk on February 23, 2024, counsel for CoreCivic followed up via email on February 28, 2024, asking whether he intended to provide the statement of damages.  The law clerk did not respond.  (Ex. 3, Motion for Court Order, Ex. 1 at 86, ¶ 17.)

22. On March 5, 2024, CoreCivic filed a Motion for Court Order Directing Plaintiff to Serve a Statement of Damages Pursuant to Code Civ. P. § 425.11.  (Ex. 3, Motion for Sanctions, Ex. A at 40, ¶ 3.)  Plaintiff did not file a response.  (*Id.* at 40, ¶ 4.)  A hearing on CoreCivic's Motion for Court Order was noticed for June 21, 2024.  (*Id.* at 41, ¶ 5.)

23. On June 14, 2024, the Superior Court held a case management conference, at which time attorney John Carlson, who was previously unknown to counsel for CoreCivic, made a "special appearance" on behalf of Plaintiff and/or Mr. Saunders.  Counsel for CoreCivic informed the Superior Court that she was unfamiliar with Mr. Carlson and that he had no prior involvement in the case, that it had been months since she had last heard from Mr. Saunders, and that the case had been at a standstill since January 2024 given Mr. Saunders' pending Motion to be Relieved as Counsel and lack of communication. (Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 6.)

24. During the conference, Mr. Carlson informed the Superior Court that Mr. Saunders still intended to represent Plaintiff and was going to withdraw his Motion to be Relieved as Counsel.  This Motion, however, was never withdrawn.  (Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 8.)

25. The Superior Court set another case management conference for August 8, 2024, in hopes that the determination of Mr. Saunders' Motion to be Relieved as Counsel could clear up some of the issues in this case.  (Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 9.)

|   |   |
|---|---|
| 1 | 26. On June 20, 2024, the Superior Court issued a Tentative Ruling granting Defendant's Motion for Court Order. The Tentative Ruling noted Mr. Saunders' continuing role as counsel of record for Plaintiff and directed Plaintiff to serve CoreCivic with a statement of damages within 15 days of the Order. (*See* Ex. 3, Tentative Ruling dated June 20, 2024 at 60; *see also* Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 10.) |


26. On June 20, 2024, the Superior Court issued a Tentative Ruling granting Defendant's Motion for Court Order. The Tentative Ruling noted Mr. Saunders' continuing role as counsel of record for Plaintiff and directed Plaintiff to serve CoreCivic with a statement of damages within 15 days of the Order. (*See* Ex. 3, Tentative Ruling dated June 20, 2024 at 60; *see also* Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 10.)

27. At the June 21, 2024, hearing on Defendants' Motion for Court Order, Mr. Carlson again appeared on behalf of Plaintiff instead of Mr. Saunders. During the hearing, the Superior Court confirmed the Tentative Ruling, which Mr. Carlson did not oppose, and ordered Plaintiff to produce the statement of damages within 15 days. Mr. Carlson indicated that a statement was forthcoming. (*See* Ex. 3, Minute Order dated June 21, 2024 at 61; *see also* Ex. 3, Motion for Sanctions, Ex. A at 41, ¶ 11.)

28. Plaintiff did not provide a statement of damages within 15 days as ordered by the Superior Court, despite Mr. Carlson's assurances of its submission. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 12.)

29. On July 9, 2024, when no statement of damages had been served, counsel for CoreCivic contacted Mr. Saunders via email and requested that he advise when the statement would be provided. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 13.) Mr. Saunders did not respond. (*Id.* at 42, ¶ 14.)

30. On July 10, 2024, counsel for CoreCivic emailed Mr. Saunders again and requested that he provide a statement of damages or that CoreCivic would move for sanctions. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 15.)

31. Mr. Saunders responded via email and claimed that he thought the statement had been sent out already, and that he would check when he got back to his office. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 16.)

32. Counsel for CoreCivic responded to Mr. Saunders' email and indicated that CoreCivic had not received anything from his office. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 17.)

33. On July 12, 2024, counsel for CoreCivic emailed Mr. Saunders again and requested the status of the statement of damages. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶ 18.) Mr. Saunders did not respond. (*Id.* at 42, ¶ 19.)

34. On August 7, 2024, CoreCivic filed a Motion for Sanctions against Plaintiff and/or Mr. Saunders pursuant to Cal. Code Civ. P. §§ 2023.020, 2023.030, and 177.5 based on Plaintiff's failure to provide CoreCivic with a statement of damages in violation of the Superior Court's June 21, 2024, Order. (Ex. 3, Motion for Sanctions at 26-46.)

35. CoreCivic's Motion for Sanctions is set to be heard on November 22, 2024. (Ex. 3, CoreCivic's Notice of Hearing Re Motion for Sanctions, at 24-25.)

36. On August 8, 2024, the Superior Court issued a Tentative Ruling granting Gary Saunders' Motion to Be Relieved as Counsel. (Ex. 3, Tentative Ruling dated August 8, 2024 at 19.) Plaintiff was instructed to resubmit an order showing the current presiding judge and updating the next scheduled hearing, which the Court would sign. (*Id.*) The Superior Court specifically indicated that the order would be effective upon the filing of proof of service on the client.[2] (*Id.*)

37. That afternoon, Mr. Saunders electronically served CoreCivic with a Form CIV-050 Statement of Damages on behalf of Plaintiff, claiming $1,250,000 in alleged damages, including $750,000 allegedly attributable to "Negligence" damages and $500,000 in alleged special damages designated as future medical expenses. (Ex. 3, Plf.'s Statement of Damages at 20-21.)

38. On August 9, 2024, counsel for CoreCivic attended the hearing on Mr. Saunders' Motion to Be Relieved as Counsel. Mr. Saunders did not make an

---

[2] Upon information and belief, this has not occurred, and it is unclear whether Plaintiff is aware that Gary Saunders' Motion to Be Relieved as Counsel was granted.

1  appearance. Rather, another attorney, Timaiah Smith, "specially appeared" on Mr. Saunders' behalf. Ms. Smith indicated at the hearing that Plaintiff did not have counsel.[3] (Ex. 3, Minute Order dated August 9, 2024 at 18.)

39. The Superior Court granted Mr. Saunders' Motion to be Relieved as Counsel at the hearing and continued the Case Management Conference to September 19, 2024. (Ex. 3, Minute Order dated August 9, 2024 at 18.)

40. Pursuant to 28 U.S.C. § 1446(c)(1), CoreCivic's one-year deadline to remove this case expired on July 31, 2024.

41. Over the course of a year, and as demonstrated above, CoreCivic diligently sought to ascertain the amount in controversy in this case by informally requesting a settlement demand, formally requesting a Statement of Damages pursuant to Cal. Code Civ. P. § 425.11(b) and § 425.115(e), which would have set forth an accounting of Plaintiff's purported damages, and ultimately moving for and obtaining a Court Order that required Plaintiff to serve CoreCivic with the statement of damages within 15 days of the June 21, 2024 Order. (*See* Ex. 3, Motion for Court Order, Ex. 1 at 84-87; Ex. 3, Minute Order dated June 21, 2024 at 61; *see also* Ex. 3, Motion for Sanctions, Ex. A, at 40-42.) CoreCivic's diligence in attempting to ascertain Plaintiff's damages was conducted well in advance of the July 31, 2024, removal deadline. (*Id.*)

42. Nonetheless, Mr. Saunders and his staff repeatedly failed to respond to CoreCivic's requests, knowingly made representations that a statement of damages was forthcoming when it never was, and then violated the Court's Order by failing to serve the statement of damages within 15 days of the June 21, 2024, Order. (*See* Ex. 3, Motion for Court Order, Ex. 1, at 84-87; *see also* Ex. 3, Motion for Sanctions, Ex. A, at 40-42.)

---

[3] Prior to this hearing, CoreCivic was unfamiliar with Ms. Smith, and she has had no prior involvement in this case.

1    43.    Plaintiff then served his statement of damages on August 8, 2024, knowing full well that CoreCivic's removal deadline had already passed. Plaintiff's alleged damages of $1,250,000 far exceed the $75,000 requirement for federal diversity jurisdiction, and the statement of damages, had it been served, would have made this case removable. (*See* Ex. 3, Plf.'s Statement of Damages, at 20-21); *see* 28 U.S.C. § 1332(a).

44.    Indeed, CoreCivic's Motion for Court Order indicated that CoreCivic was attempting to ascertain the amount in controversy in this case for removal purposes. (Ex. 3, Motion for Court Order, Ex. 1 at 84-85, ¶ 4.) Thus, Plaintiff has been on notice since at least March 5, 2024, that CoreCivic was requesting the statement of damages to evaluate whether removal was proper pursuant to 28 U.S.C. § 1332, and that Plaintiff's withholding of this information was preventing CoreCivic from potentially removing this case.

45.    Notably, Mr. Saunders indicated on July 10, 2024, that he thought the statement of damages had been sent out already, which indicated that prior to the expiration of CoreCivic's removal deadline, Plaintiff had the capability to serve the statement of damages. (Ex. 3, Motion for Sanctions, Ex. A at 42, ¶¶ 12–21.)

46.    Thus, instead of serving his statement of damages in a timely manner or otherwise providing a case value as requested, Plaintiff and/or his attorney, Gary Saunders, acted in bad faith by deliberately withholding the statement of damages in violation of the Superior Court's Order until after CoreCivic's removal deadline expired on July 31, 2024, when Plaintiff obviously intended to (and did) allege an amount in controversy in excess of the amount required for removal based upon federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff's deliberate withholding of this information until after the removal deadline expired constitutes bad faith pursuant to 28 U.S.C. § 1446(c)(3)(B) because but for Plaintiff's withholding of the statement of damages in violation of the Court's Order, CoreCivic could have timely removed this action. *See* 28 U.S.C. § 1332(a).

47. A Notice of Removal to Federal Court, a true and correct copy of which is attached as **Exhibit 4**, will be filed in the Superior Court of California, County of San Diego.

WHEREFORE, Defendant respectfully requests that this action now pending in the Superior Court of California, County of San Diego be removed to this Court.

Dated: September 4, 2024

By s/ Dana Keene
Dana M. Keene
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Matthew M. Mahoney
WITHAM MAHONEY & ABBOTT, LLP

*Attorneys for Defendant CoreCivic*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, I electronically transmitted the attached document to the Clerk's Office using the court approved Electronic Filing Service Provider One Legal to electronically file and transmit a notice of electronic filing to the following eService Recipients:

Gary S. Saunders, Bar # 144385
Saunders & Associates, APC
610 Newport Center Drive, Suite 250
Newport Beach, California 92660
litigation@saundersapc.com
gary@saundersapc.com

*Attorney for Plaintiff*

/s/ Dana Keene