STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Dana M. Keene, CA Bar # 324993
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dkeene@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matthew M. Mahoney, Bar #211184
401 B Street, Ste. 2220
San Diego, CA 92101
(619) 407-0505
mahoney@wmalawfirm.com

*Attorneys for Defendant CoreCivic*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JOHANNUS ISKANDER,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 37-2023-00032732-CU-NP-CTL<br><br>**DEFENDANT CORECIVIC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  July 31, 2023<br>Amended Complaint Filed:   September 8, 2023<br><br>(Before the Honorable Eddie C. Sturgeon, Dept. SD-67)<br><br>**JURY TRIAL DEMANDED** |

Defendant CoreCivic ("CoreCivic"), through counsel, submits its Answer to Plaintiff's First Amended Complaint.  CoreCivic denies each allegation of Plaintiff's First Amended Complaint not specifically admitted or otherwise pled to.

## THE PARTIES

1.     In answering Paragraph 1 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegation asserted in this Paragraph and therefore denies it.

2.     In answering Paragraph 2 of Plaintiff's First Amended Complaint, CoreCivic admits only that, as part of its business operations it owns, operates, or owns and operates

Answer to Plaintiff's First Amended Complaint;  CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**109**

detention and correctional facilities in many states across the country, and contracts with local, state, and federal partners to provide detention and correctional services.  CoreCivic affirmatively asserts that it owns and operates the Otay Mesa Detention Center ("OMDC") in San Diego, California pursuant to a detention services contract with U.S. Immigration and Customs Enforcement, and that the U.S. Marshals Service is an authorized user of that contract.  CoreCivic denies all allegations that are not expressly admitted.

3.    In answering Paragraph 3 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Doe Defendants other than CoreCivic and therefore no response is required. To the extent a response is required, CoreCivic denies the allegations.  CoreCivic further denies that any alleged Doe Defendant is responsible and/or liable for any occurrence, injury, and/or damages, if any, alleged in Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

4.    In answering Paragraph 4 of Plaintiff's First Amended Complaint, CoreCivic admits only that jurisdiction is proper in the Superior Court of California, County of San Diego. CoreCivic denies all other allegations contained in this paragraph that are not expressly admitted.

5.    In answering Paragraph 5 of Plaintiff's First Amended Complaint, CoreCivic admits only that the Court has personal jurisdiction over CoreCivic.  CoreCivic denies all other allegations contained in this paragraph that are not expressly admitted.

6.    In answering Paragraph 6 of Plaintiff's First Amended Complaint, CoreCivic admits that venue is proper in this Court.  CoreCivic denies the allegation that venue is proper because CoreCivic's principal place of business is within the County of San Diego, California. CoreCivic is a Maryland corporation with a principal place of business in Nashville, Tennessee. CoreCivic affirmatively asserts that venue is proper because San Diego County is where the events giving rise to the claim allegedly occurred.

Answer to Plaintiff's First Amended Complaint;        2        CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**110**

## FACTUAL ALLEGATIONS

7.    In answering Paragraph 7 of Plaintiff's First Amended Complaint, CoreCivic denies that Plaintiff was transferred to OMDC on November 8, 2022.   CoreCivic affirmatively asserts that Plaintiff was booked into OMDC on February 28, 2023. CoreCivic is without sufficient information to form a belief as to the truth of the allegation that Plaintiff had "federal criminal charges in New York related to case number 1-22-MJ-01209" and therefore denies it.

8.    In answering Paragraph 8 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies them.

9.    In answering Paragraph 9 of Plaintiff's First Amended Complaint, CoreCivic denies the allegations.

10.    In answering Paragraph 10 of Plaintiff's First Amended Complaint, CoreCivic admits only that Plaintiff was involved in a physical altercation with another detainee on March 15, 2023.  CoreCivic is without information sufficient to form a belief as to the truth of the allegations that Plaintiff was "physically abused and injured by the inmate" and therefore denies them.

11.    In answering Paragraph 11 of Plaintiff's First Amended Complaint, CoreCivic denies the allegations.  CoreCivic affirmatively alleges that Plaintiff is no longer detained at OMDC.  CoreCivic is without information sufficient to form a belief as to the truth of the allegation that Plaintiff was "housed in the Delta Segregation Unit" after the alleged attack, and therefore denies it.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against CoreCivic and Does 1-20)**

12.    In answering Paragraph 12 of Plaintiff's First Amended Complaint, this Paragraph sets forth a legal standard to which no response is required. To the extent a

Answer to Plaintiff's First Amended Complaint;        3            CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**111**

response is required, CoreCivic denies that it breached any duty to Plaintiff, or that said breach was the cause of Plaintiff's injuries, if any.

13.    In answering Paragraph 13 of Plaintiff's First Amended Complaint, this Paragraph calls for legal conclusions and sets forth legal standards and analysis to which no response is required. To the extent a response is required, CoreCivic denies it.  CoreCivic denies that it breached any duty to Plaintiff, or that said breach the cause of Plaintiff's injuries, if any.

14.    In answering Paragraph 14 of Plaintiff's First Amended Complaint, CoreCivic affirmatively asserts that Plaintiff was offered protective custody, but refused it.  CoreCivic denies all allegations in this Paragraph that are not expressly admitted.

15.    In answering Paragraph 15 of Plaintiff's First Amended Complaint, CoreCivic denies the allegations.

16.    In answering Paragraph 16 of Plaintiff's First Amended Complaint, CoreCivic denies the allegations.  Answering further, to the extent this Paragraph is directed at Doe Defendants other than CoreCivic, no response is required. To the extent a response is required, CoreCivic denies the allegations. CoreCivic further denies that any alleged Doe Defendant is responsible and/or liable for any occurrence, injury, and/or damages, if any, alleged in Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, CoreCivic denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief because of those allegations.

## AFFIRMATIVE DEFENSES

1.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's First Amended Complaint was filed outside of the applicable statute of limitations.

2.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

3.    As a separate defense or in the alternative, CoreCivic alleges that it is entitled to all privileges and immunities under California and/or federal law.

Answer to Plaintiff's First Amended Complaint;          4                    CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**112**

4.       As a separate defense or in the alternative, CoreCivic alleges that, as a government contractor, it is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, and preemption.

5.       As a separate defense or in the alternative, CoreCivic alleges that it was not negligent and did not breach any duty owed to the Plaintiff.

6.       As a separate defense or in the alternative, CoreCivic alleges that no CoreCivic employee was negligent or breached any duty owed to the Plaintiff.

7.       As a separate defense or in the alternative, CoreCivic alleges that it did not violate any applicable standard of care.

8.       As a separate defense or in the alternative, CoreCivic alleges that the operation of OMDC was at all times consistent with the applicable standard of care.

9.       As a separate defense or in the alternative, CoreCivic alleges that any actions or inactions alleged on the part of CoreCivic (and/or its employees/subordinates) was not the actual and/or proximate cause of any injuries, losses, and/or damages to the Plaintiff, if any, thereby barring recovery.

10.      As a separate defense or in the alternative, CoreCivic alleges that Plaintiff suffered no actual injuries and/or damages.

11.      As a separate defense or in the alternative, CoreCivic alleges that Plaintiff failed to mitigate his damages, if any.

12.      As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's injuries, if any, were caused by a third party over whom CoreCivic had no control.

13.      As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's injuries, if any, were proximately caused by an intervening and/or superseding cause for which it is not liable.

14.      As a separate defense or in the alternative, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

15.      As a separate defense or in the alternative, CoreCivic alleges that Plaintiff

Answer to Plaintiff's First Amended Complaint;          5          CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**113**

was at fault relative to the incident described in Plaintiff's First Amended Complaint and such fault caused or contributed to the alleged damages complained of in Plaintiff's First Amended Complaint.

16.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff knew of the risk, and voluntarily assumed the risk that led to the alleged injuries complained of in Plaintiff's First Amended Complaint.

17.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

18.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff, by his own acts and/or omissions, waived his rights, if any, to recover against CoreCivic.

19.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff, by his own acts and/or omissions, is estopped from recovering against CoreCivic because Plaintiff's own actions may have caused the incident.

20.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff agreed to, and/or participated in, those actions which Plaintiff claims caused injury or damage, making Plaintiff's claim invalid.

21.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff has failed to state a claim against any individual CoreCivic employee, which precludes any vicarious liability on behalf of CoreCivic as their employer.

22.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's injuries, if any, were the result of the negligence or intentional act(s) of individuals not employed by CoreCivic, thereby reducing, or eliminating any damages owed by CoreCivic.

23.    As a separate defense or in the alternative, CoreCivic alleges that the First Amended Complaint fails to state facts sufficient to support an award of damages for attorneys' fees, costs, expert witness fees, and other litigation fees or expenses as against CoreCivic.

24.    CoreCivic reserves the right to amend its Answer to Plaintiff's First Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as

Answer to Plaintiff's First Amended Complaint;    6    CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**114**

may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

**WHEREFORE**, CoreCivic requests that Plaintiff's First Amended Complaint be dismissed with prejudice, that Plaintiff take nothing, and for such other and further relief as this Court deems just and proper, including reasonable attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

CoreCivic demands a jury trial on all triable issues.

DATED this 10th day of October, 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Dana M. Keene
  Dana M. Keene
  STRUCK LOVE BOJANOWSKI & ACEDO, PLC

  Matthew M. Mahoney
  WITHAM MAHONEY & ABBOTT, LLP

  *Attorneys for Defendant CoreCivic*

Answer to Plaintiff's First Amended Complaint;    7    CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
115

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I electronically transmitted the attached document to the Clerk's Office using the court approved Electronic Filing Service Provider One Legal to electronically file and transmit a notice of electronic filing to the following eService Recipients:

Gary Saunders          gary@saundersapc.com

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the One Legal system:

N/A

/s/ Dana M. Keene

Answer to Plaintiff's First Amended Complaint;          8          CASE NO. 37-2023-00032732-CU-NP-CTL
Demand for Jury Trial

**Exhibit 3**
**116**