UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNUS ISKANDER, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OTAY MESA DETENTION CENTER, CHRISTOPHER LAROSE, as Warden of OTAY MESA DETENTION CENTER, CORECIVIC, and DOES 1 THROUGH 20, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  24-cv-01572-GPC-VET<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**[ECF No. 10]** |

On October 29, 2024, Plaintiff Johannus Iskander's counsel, The Law Office of Gary S. Saunders ("Mr. Saunders"), filed a motion to withdraw as counsel. ECF No. 10. Plaintiff did not object to the motion, and Defendant filed a response indicating that it did not oppose the motion, ECF No. 12. For the below reasons, the Court GRANTS Mr. Saunders' motion to withdraw.

# BACKGROUND

On September 4, 2024, Defendant removed this case to federal court. ECF No. 1. In its notice of removal, Defendant described the state court proceedings to-date, including Mr. Saunders' motion to be relieved as counsel, which was filed in state court on February 1, 2024. ECF No. 1-4 at 19, 104-11.[1] Mr. Saunders' declaration in support of his motion to be relieved as counsel stated that he and "Plaintiff have experienced irreconcilable differences and [that his] client is not cooperating." *Id.* at 106.

On August 8, 2024, the state court tentatively granted Mr. Saunders' motion to be relieved as counsel. ECF No. 1 at 7; ECF No. 1-4 at 22. However, in its tentative ruling, the court ordered Plaintiff to "resubmit an order showing the current presiding judge and updating the next scheduled hearing," and stated that "[t]he court will sign such order and it will be effective upon the filing of proof of service on the client." ECF No. 1-4 at 22. Defendant notes that, "[u]pon information and belief, this has not occurred, and it is unclear whether Plaintiff is aware that Gary Saunders' Motion to Be Relieved as Counsel was granted." ECF No. 1 at 7 n.2. The state court docket also reflects that Mr. Saunders never took these steps. *See* ECF No. 1-4 at 16-20. As such, no order granting Mr. Saunders' motion to be relieved as counsel was issued, and Mr. Saunders is still Plaintiff's counsel in this matter. *See id.* (absence).

On October 29, 2024, Mr. Saunders filed the instant motion to withdraw as counsel. ECF No. 10. The motion states that "Plaintiff and counsel have irreconcilable differences, and continuing representation is not feasible under these circumstances." *Id.* at 2. Mr. Saunders has "notif[ied] Plaintiff of his intent to withdraw." *Id.* The Plaintiff and Defendant were both given an opportunity to oppose the motion. ECF No. 11.

---

[1] All page numbers refer to CM/ECF pagination.

1  Defendant indicated that it was not opposed to the motion, ECF No. 12, while Plaintiff
2  failed to file any opposition.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court," *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008), and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court, *Beard*, 2008 WL 410694, at *2; *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021). Local Rule 83.3(f)(3)(a) requires an attorney to serve any motion to withdraw on the adverse party and his client.

When deciding a motion to withdraw as counsel, courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams*, 562 F. Supp. 3d at 1035 (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)).

Rule 1.16 of the California Rules of Professional Conduct provides that an attorney may withdraw from representing a client if it becomes "unreasonably difficult for the [attorney] to carry out the representation effectively." The motion states that "Plaintiff and counsel have irreconcilable differences, and continuing representation is not feasible under these circumstances." ECF No. 10 at 2. Mr. Saunders' state court motion to withdraw also states that his "client is not cooperating." ECF No. 1-4 at 106. While counsel does not expand on what the irreconcilable differences are, the Court acknowledges that the details may be covered by the attorney-client privilege. The attorney-client relationship is clearly strained, and Plaintiff has not offered any objection to this characterization of the relationship. Because it would be unreasonably difficult for

Mr. Saunders to carry out this representation under these circumstances, the Court finds good cause for withdrawal. *See, e.g., Rebecca Bamberger Works, LLC v. Bamberger*, 2024 WL 4030681, at *2 (S.D. Cal. Sept. 3, 2024) (finding good cause for withdrawal where counsel cited "irreconcilable differences" with sparse details, as "such generalized descriptions of a 'strained relationship' are sufficient to establish good cause"); *Heilman v. Silva*, 2017 WL 822164, at *2 (S.D. Cal. Mar. 2, 2017) (finding good cause for withdrawal where counsel and her client had "irreconcilable differences" and could not "amicably carry on the attorney-client relationship"); *see also Lindsey v. Nat'l Seating & Mobility, Inc.*, 2017 WL 8236274, at *1 (C.D. Cal. Dec. 15, 2017) ("[a] breakdown in the attorney-client relationship may justify withdrawal") (collecting cases).

Defendant filed a response to the motion indicating that it does not oppose the withdrawal. ECF No. 12. And Plaintiff has failed to oppose the withdrawal. It thus does not appear that the withdrawal will prejudice any of the litigants. Further, there will be no unnecessary delay to the resolution of the case. Defendant has already answered the complaint, ECF No. 2, and the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") before Magistrate Judge Torres have already been continued in light of the pending motion to withdraw, ECF No. 9. With the ENE/CMC now set for January 16, 2025, there will be ample time for Plaintiff to either obtain new counsel or decide to proceed *pro se*. And with the case still in its early stages, there will otherwise be no unnecessary delays caused by the withdrawal.

The only potential harm to the administration of justice the Court can identify is the potential that Plaintiff proceeds *pro se*. It is not clear whether Plaintiff intends to find new counsel or proceed *pro se*. But Plaintiff has known about his counsel's intent to withdraw since, at the latest, January 31, 2024—when the original motion was noticed and filed in state court, ECF No. 1-4 at 104-05. Plaintiff has had ample notice of the

withdrawal and will have an additional opportunity to obtain counsel if he desires. Accordingly, the withdrawal will not harm the administration of justice.

Each factor weighs in favor of withdrawal: counsel and his client have irreconcilable differences, there is no prejudice to other litigants, and the withdrawal will not unnecessarily delay or harm the administration of justice. Accordingly, the Court finds that withdrawal is appropriate here. *See, e.g., Gurvey v. Legend Films, Inc.*, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010) (granting motion to withdraw where good cause existed, the case was "still in its infancy" with "no immediately scheduled hearings," and Plaintiff had ample notice of counsel's intent to withdraw).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Saunders' motion to withdraw as counsel for Plaintiff. The hearing scheduled for December 6, 2024 is VACATED. The Court provides Plaintiff **30 days from the filing of this order** to obtain new counsel or notify the Court that he intends to proceed *pro se*.

**IT IS SO ORDERED.**

Dated: December 3, 2024

Hon. Gonzalo P. Curiel
United States District Judge

cc: Johannus Iskander
   12550 Laurel St., Apt. # 204
   Lakeside, CA 92040